Mr. Justice Notl
delivered the opinion of the court.
It appears to me, that with regard to all the cases over which a judge can exercise any controul during the recess of the courts, he must have as ample power as when sitting within the walls of a court house, or at least his power must be adequate to the remedy which the evil complained of requires. It is a courtesy which one judge owes to another, not to rescind or suspend an order which he has made. It would also lead to incalculable mischief, if a person might be indulged in renewing a motion before successive judges, until per chance he might prevail upon, one to.support a motion, which ever)- other had refused. But when the circumstances of the case are changed, the reason of the rule ceases to exist; indeed it can never be urged, when the* application is to the same -judge who made the order. The necessity of the case now under consideration, would seem to sanction the authority required to be exercised. An officer of court is ordered to be imprisoned for the non performance of an act, which it was never his duty to have performed. The judge who made the order, is satisfied that it ought never to have *476 been made, and never would have made it, if the (ruth of the case had been known to him, and is satisfied it ought not now to be carried into effect. To hold that a judge under such circumstances cannot suspend the operation of such an order, merely because he is not sitting in court, would appear like ascribing the qualifications ofajudge to the robes in which he is clad and the seat on which he happens to sit, rather than to his moral and intellectual attainments.1
Lomax, for the motion-,
14? Craven, contra,-
The act pf 1818, gives to the judges at Chambers, the power “ to grant writs of prohibition and mandamus, and of quo -warranto, and to hear and determine motions to stay or set aside executions in the same manner in every respect as if the court was actually sitting.”
Perhaps it is doubtful, whether the case now under consideration comes within the letter of the act. But it is certainly within the spirit of it. And from the liberal and extensive power therein conferred,! am satisfied that this may be inferred or must be presumed to have previously existed. It would be making the cobwebs of form stronger than the bands of justice to withhold relief in such a case. It is only when prompt and speedy justice is required, and where the opportunity is lost by delay, that a judge at Chambers is ever required to interfere, ^.nd being in favor of liberty, it was peculiarly proper and necessary that such discretion should be exercised in this case.
■ I am of opinion, that the judge at Chambers might have ordered a suspension of the attachment which he had before directed to be issued, and the motion therefore is now granted.
Justices Huger and Johnson, concurred.